## CORNEIL v STATE

Ohio Appeals, 9th Dist, Summit Co
No. 1954.   Decided May 22, 1931

Don Isham, Pros. Atty., G. R. Hargreaves, Asst. Pros. Atty., and M. A. Fanelly, Asst. Pros. Atty, for State.

W. H. Knowlton & D. Gottwald, Akron, for Corneil.

138

PARDEE, PJ.

Many of the errors relied upon relate to the admission of evidence offered by the state over the objection and exception of the defendant, but we think that only one of them requires notice by us.

The state, in its case in chief, offered as a witness one R. W. McKim, who qualified as an expert and who testified as to what, in his opinion, caused the explosion. The defendant did not cross-examine him. In rebuttal the state recalled this witness, who was again permitted to testify as to what, in his opinion, caused said explosion. This time he was cross-examined by one of the defendant's attorneys, and then he was examined further by the state; and over the objection and exception of the defendant he was permitted to testify as to certain experiments and tests he had made after he had testified before, as an expert. These experiments and tests related to the effects of electricity when applied to gasoline and gasoline vapors under certain conditions, and also when applied to dynamite under certain conditions, and of fire when applied to gasoline under certain conditions. These physical conditions were all fully explained to the jury, and it would serve no useful purpose to detail them here.

This line of testimony in rebuttal was clearly incompetent. The defendant in the cross-examination of this witness had not opened the door for this kind of testimony, and its admission was erroneous and under the evidence in this case was very prejudicial.

Another claim made is that the verdict of the jury is manifestly against the weight of the evidence.

As hereinbefore stated, there is some evidence that the defendant desired the death of said decedent, but the evidence fails to show any motive for such desire. The defendant and Barnes were fast friends, each helping the other when occasions required; they lived in the same apartment building, played cards together with other members of their families, and the most cordial relationship existed between them. An attempt was made to show that the defendant was improperly interested in Mrs. Barnes, the wife of said decedent, but the evidence fails to sustain this claim.

This being a criminal case, the law requires that all of the necessary elements of the crime charged be proved beyond a reasonable doubt; and if we unanimously reach the conclusion that the jury was manifestly wrong in finding that any one of said elements was proved beyond a reasonable doubt, it is our duty to set aside the conviction and grant a new trial.

One of the essential facts required to be established beyond a reasonable doubt was that the defendant placed a bomb in his automobile with the intent and purpose of causing the death of Barnes, who, the evidence shows, was one of the defendant's best friends.

In doubtful cases the element of motive may be quite material in the determination of the guilt or innocence of the accused, and in this case the absence of a motive on the part of the defendant to kill Barnes is of great importance. The evidence fails to show any such motive, unless statements which officers testified defendant made to them and which defendant denied making, may be said to constitute some evidence of motive.

Evidence of this kind, which is a narration of what the defendant is alleged to have said, should be cautiously considered, for there is no class of testimony which has a greater tendency to be unreliable than a repetition of a prior conversation. The one repeating the conversation may be entirely sincere in believing that he is repeating the words as actually spoken, but he may not have heard all of the conversation or he may have unintentionally added or omitted a word or words, and of course he cannot give the inflection to the words as originally spoken, with the result that a meaning may be given to the conversation which never was intended. This observation may be applied not only to what the police officers testified to, but also to the testimony of the other witnesses who repeated conversations alleged to have been held with the defendant.

Upon the record as a whole, we think it is quite clearly established that the defendant had no motive or reason for killing Barnes, his intimate friend.

It is true that motive is not an element of the crime which is required to be established to warrant a conviction, but we know that human action is usually voluntary and is prompted by some interest, and therefore the question of motive necessarily forces itself upon the mind in the investigation of every alleged criminal act; and in determining whether it was proved beyond a reasonable doubt that the defendant placed a bomb in the automobile with the intent and for the purpose of killing Barnes, the proof to establish that charge being a matter entirely of inference, we cannot help giving much weight to the fact that the defendant had no motive or reason for committing such a crime against his friend.

The evidence is that there was no bomb in defendant's car the night before the explosion, and there is no evidence of defendant having a bomb or an opportunity to get one or place the same in the car shortly before the car was taken by Barnes; upon the contrary the evidence shows that the defendant drove the car the morning of the casualty, that Barnes took the car away from the defendant's driveway a short time after the defendant left for Cleveland, that Barnes drove the car down town to an office building that forenoon and then drove it over into an adjoining county in the afternoon. If the bomb had been placed in the car as claimed, it could have been discovered easily or it could have been placed there as easily by someone else. The defendant did not know that Barnes intended to use his car on the day in question, although Barnes had general permission to use it, and on all other occasions he had spoken for the car before he used it. The state claimed the headlights were turned on immediately preceeding the explosion, but that is a matter of grave doubt, as well as whether the wiring of the car was connected with a bomb under the seat of said car.

Giving to the evidence offered its most unfavorable aspect toward the defendant, it fails to connect the defendant with the crime charged. There was no evidence offered which in any way tended to prove that he placed any explosives in the car or that he had ever procured any for that or any other purpose.

On the record as a whole, we are unanimously of the opinion that the jury was clearly wrong in finding that it had been proved beyond a reasonable doubt that the defendant placed a bomb in his car with the intent and purpose of killing his friend Barnes, and upon the evidence it is just as reasonable to assume that someone else may have placed a bomb in said car. If the question were governed by the rule in civil cases, we might not feel called upon to interfere with the finding of the jury, but in the discharge of our duty we cannot escape the conviction that one of the necessary elements of the offense was clearly not proved beyond a reasonable doubt.

Complaint is also made that the trial judge, during the trial, by his acts and conduct, demonstrated to the jury that he was convinced that the defendant was guilty of the offense charged; but in view of the conclusion which we have reached, we do not consider it necessary to pass upon this question.

There is a large number of other claims of error, each and all of which we have examined, but we do not find anything prejudicial in relation thereto.

For error in the admission of evidence, and because the verdict of the jury is manifestly against the weight of the evidence, the judgment is reversed and the cause remanded.

WASHBURN, J, and FUNK, J, concur.